NOT DESIGNATED FOR PUBLICATION

No. 120,527

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JOSHUA S. MOSS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 22, 2019. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Meredith J. Short*, legal intern, *Lance J. Gillett*, assistant district attorney, *Marc Bennett* district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: Joshua S. Moss appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. Finding no abuse of discretion, we affirm the district court's judgment.

On June 28, 2017, Moss pled guilty to one count of forgery. On October 30, 2017, the district court sentenced Moss to 19 months' imprisonment but placed him on probation for 18 months to be supervised by community corrections.

1

In April 2018, the State alleged that Moss violated the conditions of his probation by failing to report to community corrections as directed. Moss waived his right to an evidentiary hearing and admitted the violation. The district court imposed an intermediate sanction of 48 hours in jail with credit for time served.

In July 2018, the State alleged that Moss again violated the conditions of his probation, this time by failing to attend three separate drug and alcohol assessments and by testing positive for methamphetamine. Moss again waived his right to an evidentiary hearing and admitted the violations. The district court imposed an intermediate sanction of 120 days' imprisonment.

In October 2018, the State issued a warrant alleging that Moss had committed the crime of trespass and had admitted to using methamphetamine. The district court held an evidentiary hearing on December 4, 2018. At the hearing, Sarah Hiemen, the licensed addiction counselor who had evaluated Moss, testified that on October 17, 2018, Moss told her that he used methamphetamine daily and had last used it two days earlier. The State next called Zach Trego, a former security officer at Quik Trip, who testified that on October 17, 2018, he contacted police after Moss entered a Quik Trip from which he had been banned. Finally, City of Wichita Police Officer Rick Pena testified that he responded to Trego's call and arrested Moss for criminal trespass. Moss presented no evidence at the hearing. The district court found that the State had proved by a preponderance of the evidence that Moss had violated the conditions of his probation by using methamphetamine and by committing criminal trespass. After hearing arguments from counsel and a statement from Moss, the district court revoked Moss' probation and ordered him to serve his underlying prison sentence. Moss timely appealed.

On appeal, Moss argues that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. Moss contends that because of his drug addiction and mental health issues, the district court's decision to

2

revoke his probation was an abuse of discretion. The State contends that revocation of Moss' probation and imposition of sentence was appropriate under these facts.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

As Moss concedes, K.S.A. 2018 Supp. 22-3716(c)(1)(E) authorizes a district court to revoke probation without imposing an intermediate sanction if the court already has twice imposed intermediate sanctions. Moss also concedes that K.S.A. 2018 Supp. 22-3716(c)(8)(A) authorizes a district court to revoke probation without imposing intermediate sanctions if the defendant commits a new crime while on probation. Here, the district court found that Moss had committed criminal trespass while on probation, and Moss does not challenge the sufficiency of this finding on appeal.

Moss points out that his counsel at the December 2018 hearing argued to the court that his probation violations were related to his bipolar disorder and his substance abuse. Moreover, at the hearing, Moss informed the district court that he had "been doing drugs for 31 years" and he wanted to go to treatment. Moss argues that the district court abused its discretion by declining to continue probation in order to allow him to pursue mental health treatment and substance abuse treatment in the community.

3

As the district court noted at the hearing, obtaining a mental health evaluation and a drug and alcohol evaluation had been conditions of Moss' probation since he was first sentenced in October 2017. As Moss admitted at his second probation violation hearing, he failed to attend three separately scheduled drug and alcohol assessments. Although Moss ultimately completed the drug and alcohol evaluation in October 2018, it was not unreasonable for the district court to decline to give Moss another opportunity to use those services. Moss admitted to his addiction counselor that he was still using methamphetamine, and more importantly he continued to violate the law while he was on probation. Under these circumstances, the district court's decision to revoke Moss' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Moss has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.